**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| DONALD ASBELL, : | |
| : | |
| Claimant : | |
| : | |
| v. : | CASE NO. 3:11-CV-34-CDL-MSH |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d

1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

I.   **Did the ALJ err in denying benefits based on Claimant's alleged failure to follow prescribed treatment in violation of the Regulations?**

II.  **Did the ALJ err in disregarding Claimant's subjective allegations of pain?**

### Administrative Proceedings

Claimant protectively applied for a period of disability, disability insurance benefits, and supplemental security income (SSI) on November 16, 2006, alleging disability as of July 15, 2006 for a heart attack, bleeding ulcers, and glaucoma in his right eye. (Tr. 100; ECF No. 8.) Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a video hearing on May 1, 2009, and following the hearing, the ALJ issued an unfavorable decision on July 28, 2009. (Tr. 12-21.) The Appeals Council ultimately denied Claimant's Request for Review on January 20, 2011. (Tr. 5-7.) This appeal followed.

### Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since July 15, 2006. (Tr. 14.) The ALJ then found that Claimant's coronary artery disease, status post angioplasty and stent replacement, hypertension, gastric ulcers, and glaucoma were severe, but that neither they nor or any combination of his impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

4

Appendix 1. (Tr. 21.) The ALJ next found that Claimant had the residual functional capacity (RFC) to perform a limited range of light work. (Tr. 17.) The ALJ determined that Claimant could not perform past relevant work, but that there were jobs that existed in significant numbers in the national economy that he could perform. (Tr. 19-20.) Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

**I.    Did the ALJ err in denying benefits based on Claimant's alleged failure to follow prescribed treatment in violation of the Regulations?**

Claimant argues that the ALJ erred in denying him benefits based on an alleged failure to follow prescribed treatment, where the evidence does not support a willful failure to follow the treatment and does not demonstrate that following the doctor's treatment plan would have restored his ability to work. (Cl.'s Br. 14, ECF No. 9.) The Claimant further argues that the ALJ, in violation of the Regulations, failed to make a specific finding on the issue. (*Id.*)

Regarding any alleged non-compliance by the Claimant, Ruling 82-59 provides that:

> [W]here the treating source has prescribed treatment clearly expected to restore ability to engage in substantial gainful activity, but the disabled individual is not undergoing such treatment appropriate development must be made to resolve whether the claimant ... is justifiably failing to undergo the treatment prescribed.... The claimant ... should be given an opportunity to fully express the specific reason(s) for not following the prescribed treatment.

5

20 C.F.R. § 404.1530, 416.930.  The same Regulation goes on to state that "[a]n individual who would otherwise be found to be under a disability, but who fails without justifiable cause to follow treatment prescribed by a treating source which [the Commissioner] determines can be expected to restore the individual's ability to work, cannot by virtue of such 'failure' be found to be under a disability." SSR 82-59.  The requirements of SSR 82-59, however, apply **only** when "the evidence establishes that the individual's impairment precludes engaging in any substantial gainful activity." *Id.* (emphasis added).

In this case, the ALJ did not conclude that Claimant was disabled but merely failed to follow prescribed treatment; i.e. the ALJ did not use Claimant's non-compliance as an independent basis upon which to deny him benefits.  Instead, the ALJ found after review of the evidence that Claimant could still perform some work. (Tr. 17-20.)  Thus, the analysis in SSR 82-59 was inapplicable and she was not required to conduct any analysis pertaining to Claimant's failure to follow prescribed treatment. *See Mack v. Comm'r of Soc. Sec.,* No. 10-12325, 2011 WL 989813, slip op. *2 (11th Cir. Mar. 22, 2011).  Therefore, no error is found with regard to this issue.

**II.    Did the ALJ err in disregarding Claimant's subjective allegations of pain?**

Claimant next argues that the ALJ erred in discrediting his subjective allegations of chest pain, fatigue, and shortness of breath based on his alleged non-compliance with prescribed medical treatment in violation of the Regulations. (Cl.'s Br. 24.)  The relevant

portion of 20 C.F.R. § 416.929(a) states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

Moreover, as explained above, the mere existence of impairments does not establish a disability; instead, the ALJ must determine how a claimant's impairments limit his ability to work.  *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  Regarding credibility, Social Security Regulation 96-7p reads:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical

7

condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). (quotations and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id.* Here, the ALJ's findings reveal that she reviewed the medical evidence of record, as well as the testimony of Claimant, ultimately concluding that the Claimant was credible only to the extent consistent with the residual functional capacity assessment that he could perform a range of light work. (Tr. 18.) Applying the *Holt* test to this Claimant's pain allegations, it is found that Claimant failed to overcome the findings of the ALJ by establishing either that the medical evidence confirmed the severity of his pain or that his medical condition was so severe as to reflect the alleged pain.

Because an ALJ may consider a claimant less credible if the individual fails to follow the prescribed treatment plan without good reason, *see* SSR 96-7p, this was not improper. Therefore, although the Claimant argues that the ALJ erred in determining his credibility, this court finds no error in the decision. The ALJ applied the appropriate legal standards as to the Claimant's allegations of pain, and the decision is supported by substantial evidence.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 12th day of January, 2012.

S/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE